IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,964-02






EX PARTE ISSAC LEMON HARRIS, Applicant








ON APPLICATION FOR WRIT OF HABEAS CORPUS


CAUSE NO
. W199-82757-05(HC)


IN THE 199TH DISTRICT COURT OF COLLIN COUNTY




 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled
substance and sentenced to 180 days' imprisonment. He did not appeal his conviction.

 Applicant contends that his plea of guilty was involuntary as the result of ineffective assistance of
counsel because counsel ignored Applicant's assertions that he wanted to plead not guilty, refused to
prepare for trial, and refused to move to withdraw and seek a continuance so that other counsel could be
appointed and given an opportunity to prepare for trial. Applicant alleges that counsel's refusal to defend
him left him no choice but to plead guilty. Applicant has alleged facts that, if true, might entitle him to relief. 
Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim.
App. 2000). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate
case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that
his plea of guilty was involuntary and the result of ineffective assistance of counsel. The trial court shall also
make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. Supplemental transcripts containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 



Filed: October 3, 2007

Do not publish